**Edward HOPPE et ux., Appellants,**

**v.**

**Pauline L. SAUTER, a Feme Sole, et al.,**
**Appellees.**

**No. 7805.**

Court of Civil Appeals of Texas.

Texarkana.

May 23, 1967.

Rehearing Denied June 27, 1967.

a 30.833 tract to appellees Pauline L. Sauter and Helen Kuss Sauter, is reversed and judgment rendered awarding title and possession of such tract to Edward and Martha Hoppe.

"* * * [T]he plain language of the statute requiring a claim of right—a claim that the land was their own. This is the requirement in which appellants' proof completely failed. * * * This brings the case before you precisely within the rules enunciated in Orsborn v. Deep Rock Oil Corporation, 153 Tex. 281, 267 S.W.2d 781 and West Production Company v. Kahanek, 132 Tex. 153, 121 S.W.2d 328." These excerpts from appellees' brief tersely delineate the area of disagreement between the opposing parties and isolates for consideration the issue that must be resolved in appraising the merit of appellants' first point of error reading as follows, to-wit:

"The trial court erred in disregarding the verdict of the jury in response to Special Issue No. 7, and in rendering judgment, notwithstanding the verdict, that appellees recover title to and possession of the 30.833 acres tract in controversy, as the submission of such issue, and the verdict of the jury in response thereto is supported by the evidence."

Special Issue No. 7 and the jury's answer referred to in the point of error are as follows, to-wit:

"Do you find from a preponderance of the evidence that the Defendants, Edward Hoppe and Martha Hoppe, have had and held peaceable and adverse possession of the 30.833 acres tract shown on Plaintiffs' Exhibit No. 51, using, cultivating or enjoying the same, for any period of 10 consecutive years before June 28, 1962?

"Answer 'We do' or 'We do not.'

"ANSWER: 'We do'."

The appellants propose to vindicate the trial court's action under the "casual fencing doctrine". Casual fencing or a casual

Eugene J. Pitman, DeLange, Hudspeth, Pitman & Katz, Houston, for appellants.

Joel W. Cook, Schlanger, Cook & Cohn, Houston, for appellees.

CHADICK, Chief Justice.

Fee Simple ownership of two tracts of land was at issue in this action. The judgment of the district court awarding title and possession of a .37 acre tract to appellants Edward Hoppe and wife, Martha Hoppe, is affirmed, but the portion of the judgment awarding title and possession of

enclosure and its effect is explained in 2 Tex.Jur.2d Adverse Possession § 114 (1959), "as the making of an enclosure by joining onto existing fences that were erected for purposes different from and wholly foreign to the purposes for which the enclosure resulting from the casual fencing is to be used. The limitation statutes do not contemplate that a claimant of adverse possession can derive aid, in establishing his claim, from an enclosure casually created by third persons in effecting a different purpose of their own, where such persons were strangers to both the claimant and the true owner of the enclosed land. In such a case, the enclosure, so far as the limitation statutes are concerned, has no more effect than if it had never come into existence." There is evidence in the record, which, if it stood alone, might require a conclusion that enclosure of the 30.833 acre tract with the adjacent Hoppe 100 acre tract was the result of casual fencing, but there is other probative evidence tending to show that the Hoppes' possession and use of the tract was an adverse and visible appropriation of the 30.833 acres of a character that supports the jury's verdict.

■ The builder of the original fence and the purpose for erecting a fence along the ragged line constituting the east boundary of the 30.833 acre tract was not proven. There is testimony that the entire tract claimed by Mr. and Mrs. Hoppe, including the 30.833 strip with its irregular east boundary, was completely enclosed by a fence when the Hoppes purchased their one hundred acre tract in 1920, and that they repaired and kept up the fences continuously from 1920 to the time this suit was filed. The material in the 30.833 acre east boundary fence, it appears from pictures in evidence, was galvanized barbed wire attached to untreated sapling posts and growing trees. Maintenance of the east boundary fence consisted of replacing wires, posts, and making repairs as needed so that the fence would be capable of turning cattle of ordinary disposition. The east boundary fence of the 30.833 acre tract stood at trial time on the same irregular line it occupied before 1918, according to one witness. Another testified the Hoppes did not complete the enclosure of both tracts until about 1926.

In addition to the fencing evidence, testimony was tendered that firewood for household use and fence posts were cut from wooded portions of the 30.833 acre tract, and that some of its timber was sold and removed therefrom by the Hoppes. Approximately three acres of a cultivated plot extend into the 30.833 acre tract and was cultivated each year from 1920 till 1961 by Mr. and Mrs. Hoppe and their family; it was planted each year to corn, potatoes, beans, peas, cotton, or a combination of these and other crops during the period. The Hoppes mowed certain cleared portions and continuously pastured cattle on the uncultivated area of the 30.833 acres throughout the forty years of their occupation. A son, Johnny Hoppe, testified that approximately twenty years prior to the present suit he heard his father on two separate occasions tell visitors that he had more land under fence than he had bought, but that he was claiming the excess by limitation. Claimants of title to the land were ejected from it in 1961 by the Hoppes, but no suit was brought to oust them at any time before the present one filed in 1962. Other evidence shows that Edward Hoppe had pointed out to him and knew the boundary of his one hundred acre tract at the time he purchased it, with the necessary result that he also knew the boundaries did not include the 30.833 acre tract.

Adverse possession as defined by Vernon's Ann.Tex.Rev.Civ.Stat. art. 5515, (1958), "is an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another." In Word v. Drouthett, 44 Tex. 365 (Tex.1875) it is said: "His entry upon the land must be with intent to claim it as his own or hold it for himself, or his intention to do so, if conceived after going into possession for some other purpose, must be manifested by

some open or visible act or declaration showing such purpose, in order to set the statute in motion in his favor." Houston Oil Company of Texas v. Jones, 109 Tex. 89, 198 S.W. 290 (Tex.1917), says: "The claim of right to which the statute refers simply means that the entry of the limitation claimant must be with the intent to claim the land as his own, to hold it for himself; and such must continue to be the nature of his possession." In Orsborn, supra, Judge Smedley said: "Claim of right must be manifested by declaration or by open or visible act. If there be no verbal assertion of claim to the land brought to the knowledge of the landowner, the adverse possession must be so open and notorious and manifested by such open or visible act or acts that knowledge on the part of the owner will be presumed." There is no proof in the record that the Hoppes verbally or in writing notified the record owners of the 30.833 acre tract that they, the Hoppes, were entering and claiming it as their own, but the law recognizes that action exposes intention as decidedly as words. Mr. and Mrs. Hoppes' actions proclaimed their intention to claim the land as their own.

The distinction between the facts in this case and Orsborn and West Production, cited and relied on by the appellees, is primarily in proof of a visible appropriation of the land by the adverse claimant. In those cases the adverse use was subjecting the casually fenced land to negligible grazing by cattle having the run of the subject tract and adjacent but much larger tracts owned by the claimant. The Supreme Court in the two cited cases deemed the facts relied upon to show a visible appropriation under a claim of right to be of a character not calculated to alert the record owner to the claimant's adverse use of the land. In the present case use and possession was open, visible to others, and of a positive character that would not permit an observer to be mistaken about the use of the land and its enclosure within a fence maintained by the Hoppes.

A distinction is also apparent in the nature of the fencing. In the cited cases it was shown that the claimant did not build the fense that resulted in enclosure of the land, but that others for their own purposes and convenience fenced other lands, incidently effecting an enclosure of the land in question; although the claimant did keep existing fences in repair. Here the builder of the fence is not known, nor his purpose revealed, but it is shown that the fence on the tract's east boundary was incorporated into the Hoppe's perimeter fence, becoming a section of the fence enclosing the entire tract claimed by them. This segment of the perimeter fence was maintained and in effect, because of the short life of the material used, rebuilt several times over a period of forty years. The enclosure of land by incorporating this segment into the perimeter fence was discernible and purposeful, the existing fence was tied into by the Hoppes' much as they might have tied into a natural barrier, such as a canyon wall or a river, and became a part of the fence on the outer limits of the land they were cultivating and using. The continued existence of the segment of fence after the Hoppes tied on was not shown to be incidental to any use or purpose except enclosure of the acreage cultivated and used by the Hoppes.

■ Incorporation of the fence on the east boundary of the 30.833 acre tract into the fence system on the perimeter of their purchased land and the long continued exercise and assertion of rights inherent in and associated with ownership of land, as shown by the evidence of possession and use outlined above, supports the jury's verdict that Edward and Martha Hoppe had and held peaceable and adverse possession of the 30.833 acre tract under circumstances maturing title thereto in them. The jury verdict on the issue should not have been set aside, as it is supported by probative evidence. Appellants' first point of error is sustained.

The appellees' cross-points have been carefully considered and are overruled. The judgment of the trial court awarding the 30.833 acre tract to the appellees is reversed and judgment is rendered as stated in the opening paragraph.