H. L. BROWN AND ASSOCIATES,
INC., Appellant,

v.

Jerry D. McMAHON, Appellee.

No. 823.

Court of Civil Appeals of Texas,
Tyler.

June 12, 1975.

Davis & Nemer, John O. Davis, Palestine, for appellant.

W. Boyen Weems, Dallas, for appellee.

McKAY, Justice.

Appellant sued Jerry D. McMahon, appellee, in 1972, for title and possession of a 25.2-acre tract of land in the J. Jones Survey, Anderson County, Texas. The trial was before a jury on the one issue of ten years' adverse possession under Art. 5510, Vernon's Ann.Civ.Tex.St., and the jury found for appellee. Judgment was rendered for appellee based upon the verdict.

Appellant acquired by deed a 200-acre tract of land from J. W. Files, et ux., and S. E. McCreary, et ux., on September 11, 1962, which was in J. Jones Survey, A–437, and called 320 acres less 120 acres. The tract in controversy is a 25.2-acre tract and a part of the 200-acre tract as shown on the following plat:

ALFRED

1/2" IRON ROD

N 89°23'31"W - 591.52'

1/2" IRON ROD

N 0°21'54"E 42.84

N 85°15'03"W - 591.17'

S 85°15'03"E - 591.17'

1/2" IRON ROD (LONSTA)

G (LONSTA)

S 40°08'24" E - 490.95'

N 40°08'24" W - 490.95'

B

1/2" IRON ROD

C

E

D

120 Ac
C W McMahon
Vol. 195/318

7 (wooded)

25.20 Ac

N 0°27'54"E - 1948.57'

N 0°27'54"E - 1905.73'

S 0°51'19"W - 1211.58'

N 0°51'19"E - 1211.58'

1/2" IRON ROD

N 89°12'35"W

S 1°013'W - 651.67'

N 89°22'34"W - 572.72'

A

RICHARD REED SUR. A-673

3/4" IRON PIPE

'M. HOGAN SUR. A-385

J. W. Files, et ux., and S. E. McCreary, et ux., purchased or inherited the land from T. S. Files and his heirs, T. S. Files having acquired the land in 1886.

As shown by the plat there is a 120-acre tract which joins the 25.2-acre tract on the west. The record title holder of the 120-acre tract at the time of the filing of this suit was appellee, Jerry W. McMahon. The 120-acre tract was known as the Branson tract since it was owned by Branson before the McMahons acquired it.

As the plat shows, there is a road running north and south immediately east of the 25.2-acre tract in controversy. There is a fence on the east line of the 25.2-acre tract immediately west of the road, and there is also a fence on the south boundary and the north boundary of the tract. There is a fence running east and west across the northern part of the tract which separates three or four acres from the remainder. There is no fence separating the 25.2-acre tract from the 120-acre McMahon tract.

▮ In passing upon a no evidence point an appellate court must consider only the evidence and the inferences tending to support the finding by the trier of the facts and disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). .

▮ When the contention is made that the evidence is insufficient to support the jury finding a court of civil appeals must examine all of the evidence and reverse and remand for a new trial if it concludes that the evidence is factually insufficient to support the findings of a vital fact. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.R. 361, 366 (1960).

Appellant complains that there is no evidence or factually insufficient evidence that appellee, Jerry D. McMahon or any other person in possession of the land for the period of time from 1937 to 1967, entered upon the land in controversy under a claim of right, and that there was no evidence or insufficient evidence of privity of estate between successive occupants and appellee. The record reveals that Arbie McMahon built the fence on the east side of the 25.2 acres in 1936 or 1937, but that he never had any interest in it other than running cattle on it since there was no fence between his 120 acres and the 25.2 acres, and *that so far as Arbie knew, Files and Branson claimed it, and that he just ran the fence on the east side to keep everybody out and as a convenience to himself and that he did not build it with intent to claim or appropriate any of the Files land and that he did not know whether he built it on Files or Branson land. Arbie testified that he did not own any interest in the land in dispute and he never had and never claimed any interest.*

According to the record Ansley McMahon bought the 120-acre Branson place (plus 33 acres in another survey) in 1946 and sold it in 1962 and that he *"just taken what was under the fence,"* but he knew there were *more acres under fence than his deed called for, and that he thought some of the land belonged to the Bransons and that if anybody had said anything to him about his possession of the tract in controversy he "would have tried to do what was right about it."* Ansley at one point said, "I thought it all belonged to me at that time," but later he again said that he recognized that the Bransons owned part of the land he bought. Ansley acknowledged that *"If the Branson heirs had wanted the land I would have been willing to give it to them,"* but he would not have given it to the Files had they asked for it, but he said, *"I don't know who owned it,"* and *that he recognized that someone else owned an interest in the property.* He did not pay any taxes on the 25.2-acre tract. (Emphasis added.)

John William McMahon, appellee's father, who owned the 120-acre tract for about one year said he thought the 25.2-acre tract "belonged to the place," but that when Jer-

ry brought him a new deed to sign in 1967 he learned that somebody else owned the 25 acres or that Jerry did not have a deed to it.

Appellee Jerry D. McMahon testified that he took possession of the land in August, 1962, and a metal gate was used to replace a wire gate to the road and the gate was kept locked from the time it was put there in 1962. He testified that he cut and baled hay, sold bermuda sprigs, planted vetch and grazed the cleared or coastal area. He testified he had cattle on the land 5 or 6 years, but not continuously every year. He said the primary use of the wooded area was deer hunting, and that he hunted deer on the property every year, put up some posted signs, and cut trees for roads for deer hunting and viewing the dogwoods in season.

Appellee further testified that he knew the 25.2 acres were not in the deed he received, and that there was more land than was actually covered by the deed. He said he knew that the title to the 25.2 acres was "shakey," so he went to a lawyer who prepared a deed covering both the 120 acres and 25.2 acres. He further testified that no one ever talked to him about the ownership and possession of the 25.2 acres, until he received a letter from appellant's attorney in the fall of 1972. He said that he had claimed it as his own all the time he had possession, and that in 1967 he filed the deed covering both the 120-acre tract and the 25.2-acre tract, and that he rendered both tracts together in 1967 and paid taxes on them thereafter.

From the record it appears, and it is our opinion, that a claim of right was not made by any prior occupant of the land in controversy.

■ To acquire title under Art. 5510, V.A.C.S., the ten-year statute of limitations, it is required that the claimant have had continuous, exclusive, peaceful and adverse possession of the land under a claim of right for ten years, and intention by the limitation claimant to hold adversely to the true owner is an indispensable element of adverse possession. *Holland v. Nance,* 102 Tex. 177, 114 S.W. 346 (1908); *Heard v. State,* 146 Tex. 139, 204 S.W.2d 344 (1947); *Hensz v. Linnstaedt,* 501 S.W.2d 463, 465 (Tex.Civ.App., Corpus Christi, 1973, no writ). One claiming limitations has the burden of proving all the elements of adverse possession, which includes a claim of right and such proof must be clear and satisfactory. *Moore v. Wooten,* 280 S.W. 742 (Tex.Com.App.1926). Under Art. 5515, V.A.C.S., to establish adverse possession there must be actual and visible appropriation of the land, commenced and continued under a *claim of right* inconsistent with and hostile to the claim of another. A person in possession of land can never acquire limitation title to it unless he intends to claim it as his own. *Orlando v. Moore,* 274 S.W.2d 86, 89 (Tex.Civ.App., Waco, 1954, writ ref'd, n. r. e.); *Killough v. Hinds,* 161 Tex. 178, 338 S.W.2d 707 (1960).

■ From the record we conclude that there was no privity of estate between appellee and the prior occupants of the land in controversy. Art. 5516, V.A.C.S., provides that adverse possession need not be continued in the same person, but there must be privity of estate between them when held by different persons. Privity of estate is said to be shown when "Privity of possession between successive occupants or possessors of the land is shown to have existed, * * * by proof that the earlier occupants' possession and claim passed or was transferred to the later occupant by agreement, gift, devise or inheritance." *Hutto v. Cook,* 139 Tex. 571, 164 S.W.2d 513 (1942).

Appellee's predecessors in possession, under the record, did not occupy the land in controversy with an intention to claim the land as their own, and therefore, there was no relationship of successive and concurrence of claim of right to appellee. Appellee, in addition, could not take advantage of the possession of his predecessors to show necessary adverse possession to mature limitation title under the ten-year statute, be-

cause there was no privity of estate or of possession between Arbie McMahon, Ansley McMahon, John William McMahon and Jerry McMahon. This is borne out by the fact that the record is silent regarding any agreement, gift, devise or inheritance involving the earlier occupants' possession of the 25.2 acres, and there is nothing in the record to indicate that any earlier occupant intended to pass or transfer ownership or title to appellee, Jerry McMahon, or to his predecessors in possession.

■ With respect to appellant's claim that there is no evidence or insufficient evidence of cultivating, using or enjoying the land in controversy for any specific and continuous period of time, and appellant's further claim that there was no evidence or insufficient evidence that the use and possession of the land by appellee was of the character which would give notice of an adverse hostile possession required to mature title by limitation, there are several facets to be considered. First, we have concluded that the record shows that the erection of the fence which enclosed the 25.2 acres together with other land of the McMahons was not designedly built, but was built for casual or incidental purposes, and therefore, did not constitute actual and visible appropriation. *Georgetown Builders, Inc. v. Heirs of Tanksley,* 498 S.W.2d 222 (Tex.Civ.App., Austin, 1973, writ ref'd, n. r. e.); *McDonnold v. Weinacht,* 465 S.W.2d 136 (Tex.1971); *Orsborn v. Deep Rock Oil Corp.,* 153 Tex. 281, 267 S.W.2d 781 (1954); *Pirtle v. Henry,* 486 S.W.2d 585 (Tex.Civ.App., Tyler, 1972, writ ref'd, n. r. e.).

■ Secondly, the record reveals that appellee made no different use of the land after gaining possession that would give notice of a different character of possession from that of the prior occupants until he filed a new deed in 1967 which included a description of the 25.2 acres. The record here indicates the best use of the land was for deer hunting and cattle grazing, but that the 25.2-acre tract of land would not alone support cattle in that there was insufficient grazing or feed for them. The record is silent whether there is water on the 25.2 acres. Appellee testified the best use to be made of the land was for deer hunting, and he used it each year for that purpose, but that the deer season was only six weeks in duration. We are of the opinion that the use of the land for deer hunting for six weeks out of the year is not sufficient to satisfy the limitation statute.

■ Since we have determined that deer hunting intermittently for some six weeks per year will not satisfy the limitation statute, appellee must rely, if he can, on cattle grazing to establish his adverse possession. Appellee ran cattle irregularly and sporadically on the 25.2 acres, but did not run cattle each year. Sporadic and irregular or occasional use of land does not satisfy the limitation statute. *Vaughan v. Anderson,* 495 S.W.2d 327 (Tex.Civ.App., Texarkana, 1973, writ ref'd, n. r. e.). The character of use varies with the nature of the land and its adaptability to a particular use. When grazing is relied upon to support the statute, there must be a sufficient enclosure so as to demonstrate that the land was designedly enclosed to assert a claim hostile to the owner, and when the disputed land was casually or incidentally enclosed with other lands held by the adverse claimant by deed, such casual or incidental enclosure and occasional grazing by cattle will not constitute such adverse possession as will support the statute of limitations. *Chapa v. Garcia,* 513 S.W.2d 953, 956 (Tex.Civ.App., San Antonio, 1974, writ ref'd, n. r. e.) and cases there cited.

■ Thirdly, we do not believe that appellee established for himself the requisite "claim of right" to have acquired the 25.2 acres in controversy by adverse possession. "Claim of right" which is inconsistent

with and hostile to the claim of another includes more than a mental process. *Scott v. Rodgers*, 6 S.W.2d 731, 732 (Tex.Com. App.1928). "Claim of right" must be manifested by declaration or by open visible act. If there is not verbal assertion of claim to the land brought to the knowledge of the landowner, the adverse possession must be so open and notorious and manifested by such open or visible act or acts that knowledge on the part of the owner will be presumed. *Orsborn v. Deep Rock Oil Corp.*, *supra*.

■ Although appellee testified that he claimed the 25.2 acres in controversy since 1962, he made no verbal or written assertion of claim to the land until 1967 when he had the deed drafted and filed which was designed to show that he owned the 25.2 acres in controversy. Appellee did not do anything different from what was done by the prior occupants except to post "no trespassing" signs and to build the little road in the woods, not visible from the public road, to facilitate deer hunting. We do not believe that knowledge on the part of the owner can be presumed.

■ In viewing all the evidence and accepting as true all of the evidence offered by appellee, we conclude that appellee failed to adduce evidence of probative force proving the character or the use required by the limitation statutes, Arts. 5510, 5515 and 5516, V.A.C.S. Had we reached and ruled on the factually insufficient points we would have sustained them.

Appellant proved a record title which was not defeated by the adverse possession claim; therefore, judgment should have been for appellant.

Judgment of the trial court is reversed and judgment is here rendered for appellant for title and possession of the 25.2-acre tract in controversy.