Lillian B. CUNNINGHAM et al., Appellants,

v.

Henry OTT et al., Appellees.

No. 12699.

Court of Civil Appeals of Texas, Austin.

March 15, 1978.

James T. Odiorne, Bastrop, for appellants.

Robert E. Jenkins, Jr., Kershaw & Jenkins, Bastrop, for appellees.

PHILLIPS, Chief Justice.

The land in controversy is a narrow strip of varying width along a meandering, wet-weather creek. As shown by the stipulation of the parties, the land lies between the center line of the creek and an old fence on appellants' side of the creek. The parties also stipulated that the center line of the creek is the record boundary between their respective properties.

Suit was brought by appellees when appellants, who contend that they had the consent of the appellees, attempted to straighten the fence line as it was replaced. After removing brush and the old fence, appellants constructed a new fence which enclosed .31 acre of the land belonging to appellees on appellees' side of the boundary line of record.

Trial was to a jury[1] which found, among other findings, that appellees had matured title to the land between the old fence and the creek under the ten and twenty-five year statutes of limitation. The court then entered judgment vesting title in appellees.

We reverse the judgment and render judgment as hereinafter indicated.

Appellants are before this Court contending that the trial court erred by entering judgment on the jury finding that appellees had matured limitation title in the strip of land in question as there was no evidence to support that finding. We sustain this point.

In addition to the finding described above, the jury found that there had been no oral agreement for straightening the fence line; no oral agreement to exchange property on either side of the fence; no oral agreement on the part of appellees to sell appellants property they may have claimed on appellants' side of the creek; no consideration flowing from appellants to appellees for purchase of any land; appellants did not make any valuable improvements on the land in question; and finally, that appellees suffered no monetary loss from appellants' cutting timber along the fence line.

It is well settled that when one enters into possession of land under a deed, his possession is referable to the deed, is presumed to be in conformity with it, and is confined to the limits thereof. Therefore, in order for a vendee to acquire title by adverse possession of additional or adjoining land outside the limits of the boundaries in his conveyance, he must have actual possession of such additional land of such character as of itself will give notice of an excessive adverse possession and mature into title after the statutory period. *Harmon v. Overton Refining Co.*, 130 Tex. 365, 109 S.W.2d 457 (1937).

In the instant case there was no such possession. It is without dispute in the evidence that had a fence been built down the center of the creek bed, which in fact was the common boundary line of the two tracts in question, the fence would have

---

1. This case has been on appeal to this Court once before on matters not pertinent to the present appeal. *Ott v. Cunningham*, 533 S.W.2d 895 (Tex.Civ.App.1976).

been washed away with the first heavy rainstorm. It is clear from the facts before us that the fence was located alongside the creek bed, on higher ground, for the convenience of the parties hereto and their predecessors in title.

 Appellees place great emphasis on the fact that their cattle, and those of their predecessors in title, occasionally grazed upon the disputed acreage for in excess of twenty-five years. In our judgment this is not controlling. Due to the nature of the fence in question, the facts of this case bring it within the principle of law that when the disputed tract of land has been casually or incidentally enclosed with other land, especially when, as here, such other land is held by the possessor under deed, the incidental enclosure and the occasional grazing of the disputed tract by cattle straying from the titled land will not amount to such adverse and hostile possession and use as will support the statute of limitations. *Osborn v. Deep Rock Oil Corp.*, 153 Tex. 281, 267 S.W.2d 781 (1954); *H. L. Brown and Associates, Inc. v. McMahon*, 525 S.W.2d 553 (Tex.Civ.App.1975, no writ). See also this Court's opinion in *Georgetown Builders, Inc. v. Heirs of Tanksley*, 498 S.W.2d 222 (Tex.Civ.App.1973, writ ref'd n. r. e.).

Outside of the cattle grazing on the tract in question there is absolutely no evidence in the record that would have put appellants on notice that the appellees were holding the tract in open, hostile possession. Indeed, appellees continually paid taxes only on the tract described in their deed, but not on the additional land which is the subject of this suit.

Article 5515, V.C.S., provides that for the moving party to establish his claim through adverse possession, such possession must be ". . . actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another." Such was not the case; therefore, we reverse that part of the judgment holding that appellees had matured a limitation title to the land in question, and render judgment that appellees take nothing by their suit.

Reversed and Rendered.