MEMORANDUM OPINION

No. 04-03-00088-CV

David K. RICE and Joy M. Rice,
Appellants

v.

Betty Piper KUHN,
Appellee

From the 216th Judicial District Court, Kendall County, Texas
Trial Court No. 00-259
Honorable John M. Delaney, Judge Presiding
 
Opinion by:    Alma L. López, Chief Justice
 
Sitting:            Alma L. López, Chief Justice
Catherine Stone, Justice
Sarah B. Duncan, Justice
 
Delivered and Filed:   February 23, 2005

AFFIRMED
            The parties to this appeal own land in the platted town of Kendalia, Texas. The plat
dedicates a road between the parties’ land referred to as Martin St. David K. Rice and Joy M. Rice
appeal the trial court’s judgment granting Betty Piper Kuhn title and possession of the section of
Martin St. located between the parties’ land, asserting that no right or title to the dedicated road
could be acquired by adverse possession and that the evidence is legally and factually insufficient
to establish that Kuhn acquired title by adverse possession, estoppel or parol gift. We affirm the trial
court’s judgment.
Background
            In 1883, a plat of the town of Kendalia was filed in the deed records of Kendall County,
Texas. Kuhn’s grandmother, Anna Auberle, purchased the six eastern lots of Block 13 in 1951. The
strip of land between these lots and Block 12, which was subsequently purchased by the Rices in
1983, is a portion of land that was dedicated as a road on the plat and is referred to as Martin St. 
            At the time Auberle purchased the lots in Block 13, Martin St. was fenced with a gate or gap
gate on the north. During the time Auberle and Kuhn’s mother, Katherine Piper, owned the property,
they used a portion of Martin St. as a driveway. In addition, they placed a second fence across
Martin St. further to the south to contain livestock. They also maintained a woodpile and
slaughtered and processed chickens on the strip of land. Finally, trenches were dug on Martin St.
where the lateral fields for Piper’s septic tank were located.
            In 1994, the Rices rebuilt the fence between their land and Martin St. In the process, the
Rices fenced a portion of land that formed an intersection between two platted streets at the south
end of Blocks 12 and 13. In response to objections raised by Piper, Mr. Rice informed Kuhn that
he had exchanged the land in the intersection for a wedge-shaped strip of Martin St. that formerly
was within his old fence but was outside the new fence. Surveys that were introduced into evidence
showed that the wedge-shaped strip contained approximately 0.0296 acres of land, while the
remaining east one-half of Martin St. immediately adjacent to the Rices’ fence contained 0.1777
acres of land.
            After a bench trial, the trial court entered a judgment granting Kuhn title and access to the
entire strip of land between the parties’ properties.
Standard of Review
            A trial court’s findings of fact carry the same force and dignity as a jury’s verdict. M.D.
Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991). Thus, we review the trial
court’s fact findings the same way we review the legal and factual sufficiency of the evidence
supporting a jury’s verdict. Id. In analyzing the legal sufficiency of the evidence supporting a
finding of fact under a “no evidence” point of error, we must examine the record for evidence and
inferences that support the challenged finding, while disregarding all contrary evidence and
inferences. Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994). “If there is more than a scintilla
of evidence to support the findings, the ‘no evidence’ challenge cannot be sustained.” Id. When
analyzing the factual sufficiency of the evidence, we consider all of the evidence in the record both
for and against the finding. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). We will find the
evidence factually insufficient if we conclude the finding is so contrary to the overwhelming weight
of the evidence as to be clearly wrong and unjust. Id.
            We review the trial court’s conclusions of law de novo. McLaughlin, Inc. v. Northstar
Drilling Technologies, Inc., 138 S.W.3d 24, 27 (Tex. App.—San Antonio 2004, no pet.). A
conclusion of law will be reversed if it is erroneous as a matter of law. Id. Erroneous conclusions
of law need not prompt a reversal if the judgment can be sustained on any legal theory supported by
the evidence. Id.
 

Abandonment and Adverse Possession
            Martin St. was dedicated as a public street on the plat filed in the deed records of Kendall
County, Texas. Numerous deeds that were entered into evidence referred to the recorded plat, and
the instruments by which Kuhn and the Rices acquired their title also reference the recorded plat;
therefore, the dedication of the road was effective and irrevocable. Adams v. Rowles, 228 S.W.2d
849, 851-52 (Tex. 1950). For purposes of this opinion, we will assume, without deciding, that Kuhn
could not acquire any right or title to Martin St. by adverse possession unless it was abandoned.


 See
Lindner v. Hill, 691 S.W.2d 590, 592 (Tex. 1985); Ellis v. Jansing, 620 S.W.2d 569, 570 (Tex.
1981).
            There are two types of abandonment: statutory and common law. Rutledge v. Staner, 9
S.W.3d 469, 471 (Tex. App.—Tyler 1999, pet. denied). The Rices assert that Kuhn never pled
statutory abandonment and never relied on that theory at trial. This assertion is unavailing. An
erroneous conclusion of law need not prompt a reversal if the judgment can be sustained on any legal
theory supported by the evidence. McLaughlin, Inc., 138 S.W.3d at 27. Accordingly, even if the
evidence fails to establish common law abandonment, we must affirm the trial court’s judgment if
statutory abandonment is supported by the evidence. See id.
            Section 251.057(a) of the Texas Transportation Code provides that a county road is
“abandoned when its use has become so infrequent that one or more adjoining property owners have
enclosed the road with a fence continuously for at least 20 years.” Tex. Transp. Code Ann. §
251.057(a) (Vernon 1999). In this case, the trial court expressly found that the Kuhn family moved
onto the premises in 1951 and that, at that time:
the portion of the Martin strip, consisting of all of the west one-half, and the 0.1777
acre tract out of the east one-half of such strip, as shown on Exhibit A, was enclosed
by fence as one unit with the home on Lots 10-15 [Kuhn’s property]. Such tract had
been used exclusively by the prior owners of [Kuhn’s property], as part of one rural
residential tract, with a gate or gap at the north end, on the east side of the Martin
strip, maintained and used exclusively by the owners of [Kuhn’s property]. ... The
driveway over the east one-half to plaintiffs’ garage was built by a prior owner of
[Kuhn’s property], was used only [by] the owners of said premises and their visitors,
not by the public generally. ... The rear of [Kuhn’s property] was closed off by fence,
with no gate or gap.

This finding is supported by the testimony of Kuhn, Olin Kneupper


, Kuhn’s husband, and Kuhn’s
sister, who each testified regarding the existence of the fence enclosing the road. Accordingly, the
evidence is sufficient to support the conclusion that the road was statutorily abandoned in accordance
with Section 251.057(a) of the Texas Transportation Code.



            Since we have concluded that the trial court did not err in determining that Martin St. was
abandoned, we must consider whether the evidence is sufficient to support the trial court’s
conclusion that Kuhn acquired title to the west one-half and the 0.1777 acres of the east one-half of
Martin St. by adverse possession. “Adverse possession” means an actual and visible appropriation
of real property, commenced and continued under a claim of right that is inconsistent with and is
hostile to the claim of another person. Tex. Civ. Prac. & Rem. Code Ann. § 16.021(1) (Vernon
2002). Possession must not only be actual, but also visible, continuous, notorious, distinct, hostile
(i.e., adverse), and of such a character as to indicate unmistakably an assertion of a claim of
exclusive ownership in the occupant. Rhodes v. Cahill, 802 S.W.2d 643, 645 (Tex. 1990). The test
of hostility is whether acts performed by the claimant on the land, and the use made of the land, was
of such a nature and character as to reasonably notify the true owner of the land that a hostile claim
was being asserted to the property. Cherokee Water Co. v. Freeman, 145 S.W.3d 809, 817 (Tex.
App.—Texarkana 2004, pet. denied).
            The trial court found that Kuhn and her predecessors in title satisfied the requirements of the
ten year adverse possession statute “several times over.” The testimony of Kuhn, her husband, her
sister, and Kneupper support the trial court’s findings that: (1) Martin St. was continuously enclosed
by a fence as one unit with Kuhn’s home; (2) a driveway was maintained over Martin St. that was
exclusively used by Kuhn and her predecessors to access their garage and their barn; (3) a butane
tank and a woodpile were maintained on Martin St.; (4) a second cross-fence was erected to keep
livestock penned toward the back of the Martin St. strip; (5) Piper used Martin St. when she was
engaged in slaughtering and processing chickens to sell to the school and other buyers; (6) the lateral
field for Piper’s septic tank was installed by digging trenches on Martin St. In addition to the
foregoing, Kuhn testified that a garden was maintained at the back of the Martin St. strip. Although
the Rices contend that the evidence of livestock grazing could not be used to establish adverse
possession, in this case there is evidence of uses other than grazing; therefore, the “grazing only”
exception does not apply, thereby eliminating the need for proof of a designed enclosure. Fish v.
Bannister, 759 S.W.2d 714, 720 (Tex. App.—San Antonio 1988, no writ); see also Trano v. Macha,
No. 01-03-00126-CV, 2004 WL 2415100 (Tex. App.—Houston [1st Dist.] Oct. 28, 2004, no pet.)
(adverse possession established by evidence of the building of a driveway and garage). Having
reviewed the entire record, we conclude that the evidence is legally and factually sufficient to support
the trial court’s adverse possession finding. Because we hold that Kuhn was properly awarded title
and possession based on adverse possession, we do not address the estoppel theory for upholding
her award.
Parol Gift
            A gift of realty may be made in two ways – either by deed or by parol gift. Thompson v.
Dart, 746 S.W.2d 821, 825 (Tex. App.—San Antonio 1988, no writ). There are three requisites to
uphold a parol gift of realty in equity: (1) a gift in praesenti, (2) possession under the gift by the
donee with the donor’s consent, and (3) permanent and valuable improvements made on the property
by the donee with the donor’s knowledge or consent or, without improvements, the existence of such
facts as would make it a fraud upon the donee not to enforce the gift. Id.
            In this case, evidence was presented that at the time the Rices installed their new fence, they
attempted to follow a survey and the old fence line. Piper objected to the Rices including a portion
of the back intersection within the fence, questioning their title to that property. Mr. Rice told Kuhn
that he was giving Piper the wedge-shaped property previously enclosed in his fence in exchange for
the portion she questioned. Accordingly, the evidence showed a gift,


 possession with the Rices’
consent, and either an improvement if Kuhn’s back fence is considered or, considering the evidence
regarding Piper’s age and health, the existence of such facts as would make it a fraud upon the donee
not to enforce the gift. Accordingly, we hold that the evidence was sufficient to establish the trial
court’s finding of a parol gift.
Conclusion
            The trial court’s judgment is affirmed.

 
Alma L. López, Chief Justice