COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )     

KENDALL
GUTIERREZ,                                     )                    No. 
08-00-00329-CV

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                     383rd District Court

                                                                              )

H.L. BROOKS GUTIERREZ,                               )                 of El Paso County, Texas

                                                                              )

Appellee.                           )                        (TC# 94-12996)

 

 

O
P I N I O N

 

We
issue two opinions today involving the same parties and the same underlying
trial.[1]  These two appeals were consolidated for
purposes of briefing and oral argument. 
In this appeal, Kendall Gutierrez (Gutierrez) challenges an award of
attorney=s fees in
favor of Helen Louise Brooks, formerly Helen Brooks Gutierrez, (Brooks)
following a jury trial in a custody case. The first three points of error from
Gutierrez=s
consolidated brief relate to our review here. 
Because the only background necessary to our analysis involves the
procedural posture of a discovery dispute and the transitional application of
the new discovery rules promulgated by the Texas Supreme Court, effective
January 1, 1999, we will dispense with our customary factual summary, leaving
it for recitation in the appeal on the merits of the underlying custody
suit.  We affirm.








PROCEDURAL SUMMARY

Nature of the Interrogatories

On
October 21, 1998, Gutierrez served written interrogatories on Brooks.  Pertinent to this appeal, Interrogatory No. 5
asked Brooks to identify any experts she planned to call as witnesses, to state
the subject matter on which they would testify, and to state the facts known to
each expert that related to or formed the basis of the expert=s impressions and opinions.  Interrogatory No. 14 inquired about the
identity of persons having knowledge of facts relevant to the issue of conservatorship. 
When Brooks answered the interrogatories on December 1, 1998, her
response to Interrogatory No. 5 indicated, ANone.  Will supplement if necessary.@  Her response to Interrogatory No. 14
identified Rosa Gutierrez,[2]
a chief of police, a minister, a landlord, and a teacher.  The new discovery rules became effective one
month later.

The Discovery Control Plan

On
August 23, 1999, the trial court signed a Discovery Control Plan and Scheduling
Order.  Discovery was categorized at
Level Two and December 17, 1999 was set as the deadline for completion of
discovery.  The order provided:

.         
.          .

2) EXPERTS.  Experts not listed in compliance with this
paragraph will not be permitted to testify absent a showing of good cause.  This designation is not a substitute for
responses to requests for disclosure.

 

a) DESIGNATION.  A list containing the information specified
under Tex.R.Civ.P. 194.2(1)[3]
concerning each expert must be filed and served:








i)   X     In accordance with Tex.R.Civ.P.
195.2[4]


 

.         
.          .








7) TRIAL FACT
WITNESS LISTS.  A list including the
information required under Tex.R.Civ.P. 194.2[5]
for each fact witness who may be called to testify at trial must be filed by
this date.  Fact witnesses not listed in
compliance with this paragraph will not be permitted to testify absent a
showing of good cause.  This list is not
a substitute for responses to requests for disclosure or interrogatories.  (90 days before trial).  

 

Trial
Fact Witness Lists

 

On
October 25, 1999, Brooks timely filed a fact witness list which named her
attorney, Angelica Juarez Barill, as a witness with
regard to A[k]nowledge of attorney fees and that such fees are reasonable
in the community; and that they were necessary in defending this case; also, as
to court costs and expert fees.@  Gutierrez untimely filed his fact witness
list on November 29, 1999, and apparently filed a motion to extend the filing
deadline.[6]  Brooks filed a written objection to the
extension.   

Supplemental Discovery Response








On
December 17, 1999, Brooks filed supplemental answers to several interrogatories
but she did not supplement her response to No. 5.  However, in her supplemental answer to
Interrogatory No. 14, she again identified Barill as
a person having A[k]nowledge of attorney fees and that such fees are reasonable
in the community; and that they were necessary in defending this case; also, as
to court costs and expert fees.@  A few days later, Gutierrez filed a motion to
exclude witnesses because Brooks had not timely filed the response, and had
failed to amend or supplement the responses as provided for by Tex.R.Civ.P. 193.5.[7]

Debating the Discovery Disputes








During
a pretrial hearing conducted on January 24, 2000, the trial court considered
Gutierrez=s motion in
limine. 
Although the record does not contain the motion and Gutierrez has not
provided us with a complete record of this hearing, he apparently requested
that Brooks be prohibited from mentioning any expert witness to the jury unless
the witness had been properly identified and qualified.  Brooks had no objection to this aspect of the
motion and the trial court granted it.[8]  During the charge conference on January 28,
the parties and the judge again discussed the issue of attorney=s fees and the ability of Barill to offer testimony since she had not been identified
as an expert witness in the initial response to Interrogatory No. 5 nor in any
supplemental response.  Noting that Barill had been identified as a fact witness on the issue
of attorney=s fees,
the trial court determined that exclusion of Barill=s testimony would Aelevate form over substance@ because Gutierrez had notice that Barill intended to offer not only factual testimony but
also an expert opinion on attorney=s
fees.  Barill
was permitted to testify.  The jury
awarded Gutierrez and Brooks attorney=s
fees in the sum of $15,000 each.  The
trial court awarded Brooks judgment against Gutierrez for $15,000 for the
benefit of Brooks=
attorney, but offset the award by $7,450.88 which Brooks owed to Gutierrez in
connection with a contempt order.  

EXPERT TESTIMONY ON ATTORNEY=S FEES








In
three points of error, Gutierrez complains that the trial court erred in
permitting expert testimony on the issue of attorney=s
fees because Brooks failed to identify an expert in response to an
interrogatory.  We must first determine
whether the new discovery rules apply. 
Gutierrez concedes that the new rules apply to written discovery
responses and supplementation made on or after January 1, 1999.  However, he argues that since Brooks filed
her initial answers to interrogatories on December 1, 1998 and never
supplemented her answer to Interrogatory No. Five, the new rules do not
apply.  He also claims that application
of the new rules would have disrupted discovery already in progress.  Brooks, on the other hand, maintains that
this case falls under the new rules, that amendment and supplementation of
expert witness discovery is governed by new Rule 193.5,[9]
and that the issue of exclusion must be determined under new Rule 193.6:

193.6  Failing
to Timely Respond--Effect on Trial

(a) Exclusion of
Evidence and Exceptions.  A party who
fails to make, amend, or supplement a discovery response in a timely manner may
not introduce in evidence the material or information that was not timely
disclosed, or offer the testimony of a witness (other than a named party) who
was not timely identified, unless the court finds that:

 

(1) there was good cause for the failure to timely make, amend,
or supplement the discovery response; or

 

(2) the failure to timely make, amend, or supplement the
discovery response will not unfairly surprise or unfairly prejudice the other
parties.

 

Tex.R.Civ.P. 193.6(a).  This rule provides an alternative to the
draconian sanction of automatic exclusion under former Rule 215(5) which
required a showing of good cause.  See
Elliott v. Elliott, 21 S.W.3d 913, 921 n.7 (Tex.App.‑-Fort Worth 2000, pet. denied).  Simply stated, new Rule 193.6 is less
burdensome than the former rule.  Id.

The New Discovery Rules Apply








We
begin with Gutierrez=s
argument that because Brooks never supplemented Interrogatory No. 5, the new
rules do not apply.  First, Brooks
supplemented her answers to interrogatories on December 17, 1999, and although
she did not supplement her answer to No. Five, she did supplement her answer to
No. 14.  It is this supplementation which
forms the basis for the trial court=s
ruling to allow Barill to testify.  He determined that Barill
had been misdesignated as a fact witness rather than
as an expert witness, but that the nature of her testimony was clearly
disclosed.  Gutierrez does not suggest
that this supplementation was not controlled by the new rules.       Nevertheless,
we shall address the transitional effect of the new rules.  By miscellaneous order entered on November 9,
1998, the Supreme Court determined the circumstances and manner in which the
rules would be applied. Pertinent to this appeal, Paragraphs 4(d) and (e)
provide as follows:

d.  Rule 193 is effective January 1, 1999, except
that a response to a discovery request, an objection to a discovery request, an
assertion of privilege, or an amendment or supplementation to a discovery
response made before that date need not comply with the new rule;

 

e.  Rule 195 is effective January 1, 1999,
except that:  interrogatories that have
been served but not answered as of that date and request information pertaining
to experts should be answered; and the rule should not be applied to disrupt
expert discovery that is in progress or impending; or that has been scheduled
by order or by agreement of the parties . . . . 

 

See Order
in Misc. Docket 98‑9196 (Nov. 9, 1998), 977‑78 S.W.2d (Tex. Cases)
XXXIII‑XXXIV.  To smooth the
transition to the new rules, Justice Nathan L. Hecht[10]
and Robert H. Pemberton[11]
spoke at dozens of continuing legal education programs and authored several
papers which were posted to the Supreme Court=s
website.[12]  The most recent article directly addresses
the transitional application of Rule 193.








Rule 193, the new
rule governing response, objections, and privilege claims against written
discovery, applies except to the extent that:

 

(1) a response to a discovery request;

(2) an objection to a discovery request;

(3) an assertion of privilege; or

(4) an amendment or supplementation of a discovery request made
prior to January  1 need not conform with the new rule.  But responses, objections, assertions of
privilege -- and, importantly, supplementations and amendments of discovery
responses made after January 1 -- must comply with Rule 193.  This aspect of the transition to Rule 193 has
been misunderstood by some lawyers.

 

.          .          .

 

But, as suggested
above, paragraph 4(d) speaks only to whether the pre-1999 response, objection,
privilege claim, amendment or supplementation is considered proper -- any
responses, objections, privilege claims, amendments or supplementations made after
January 1 must comply with Rule 193. 
Rather, paragraph 4(d) merely provides that parties do not have a duty
to supplement pre-1999 discovery responses . . . that were adequate under the
former discovery rules for the sole purpose of bringing them into compliance
with Rule 193=s
standards.  But if the party has a duty
to supplement deriving from some other rule, the party must supplement, and
must do so in compliance with Rule 193.  [Emphasis in original].

 

Robert H.
Pemberton, The First Year Under the New Discovery Rules:
The Big Issues Thus Far, p.8, 11 (January 1, 2000), <http://www.supreme.courts.state.tx.us/rules/tdr/index.html>.  Consequently, Brooks= supplemental responses were to be made
Areasonably promptly@ after she discovered the necessity for
the response.  See Tex.R.Civ.P. 193.5(b).[13]








Turning
to Gutierrez=s second
argument, he directs our attention to paragraph 4(e) of the Miscellaneous
Docket Order and contends that application of Rule 195 is inappropriate because
it disrupted pending expert discovery. 
We note that the trial court=s
Discovery Control Plan and Scheduling Order contemplated that the parties proceed under the new discovery rules.  We have already set out via footnote the
provisions of the new rules referenced in that order.  The record does not indicate that anyone
objected to application of the new rules or complained that their application
would disrupt discovery in progress. 
Moreover, Gutierrez=s
motion to exclude witnesses was specifically predicated upon a purported
violation of new Rule 193.5.   

We
conclude that the new rules pertaining to supplementation and exclusion
apply.  Clearly, Brooks did not
supplement her interrogatories to include a designation of Barill
as an expert witness on attorney=s
fees.  She did supplement to include Barill as a fact witness on reasonable and necessary
attorney=s
fees.  Her ability to testify as either
an undesignated expert or a potentially untimely designated fact witness
requires that we determine whether the record establishes good cause or lack of
unfair surprise or prejudice.

Good Cause or Lack of Unfair Surprise or Prejudice








In
his factual recitation, Gutierrez gives the inaccurate impression that Brooks
never identified Barill as a witness at all.  While Brooks did not identify Barill as an expert witness in response to
Interrogatory No. 5, she did identify her as a fact witness and made it
clear that she would testify on the issue of attorney=s
fees.  From the description provided, it
is apparent that Barill=s
testimony would encompass both fact and opinion.  As further evidence that Gutierrez was not
unfairly surprised by Barill=s
identification as a fact witness rather than as an expert witness, we note that
both parties listed their attorney=s
fees experts in their trial fact witness lists as required by the Discovery
Control Plan and Scheduling Order.  We
find no abuse of discretion in the trial court=s
determination that Barill=s
testimony presented no unfair surprise.  See
Elliott, 21 S.W.3d at 921 (error for trial court to exclude opinions and
diagnoses of petitioner=s
healthcare providers because of a failure to identify them as experts in light
of her pleadings, which placed her mental health condition in issue, and her
specific listing of each health care provider in response to another
interrogatory asking that she identify them); Rutledge v. Staner, 9 S.W.3d 469, 472 (Tex.App.--Tyler
1999, pet. denied)(error for trial court to exclude testimony of witness who,
although not listed by defendant as a potential witness with knowledge of
relevant facts, had been listed by the plaintiff such that there could be no
unfair surprise or prejudice).

Finally,
Gutierrez suggests that admission of Barill=s testimony was improper because she
did not testify that she inadvertently listed herself as a fact witness rather
than an expert witness.  The rule does
not require her testimony; it requires that she bear the burden of establishing
the exception.  Barill
pointed out to the trial court that she had indeed listed herself as a fact
witness regarding reasonable and necessary attorney=s
fees.  This goes to the issue of lack of
surprise and prejudice.  While her
testimony may have been necessary to establish good cause as a result of
inadvertence or mistake, it was not necessary to establish a lack of
surprise.  Consequently, the finding of
the trial court is supported by the record and we find no abuse of
discretion.  Points of Error One, Two,
and Three are overruled and the judgment is affirmed.

 

 

July 25, 2002

                                                                        


ANN CRAWFORD McCLURE, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew,
JJ.

 

(Publish)











[1]  See also Gutierrez v. Brooks,
No. 08-00-00481-CV,      S.W.3d      (Tex.App.--El Paso
July 25, 2002, no pet.h.).





[2]  The record
does not reveal whether Rosa Gutierrez is a friend or family member.





[3]  Although the
Discovery Control Plan references Rule 194.2(1), we assume reference should
have been made to Rule 194.2(f)(1):

                                                                                  RULE 194. 
REQUESTS

                                                                                      FOR
DISCLOSURE

 

194.2.  Content

 

A party may request disclosure of any or all of the
following:

 

                                                                   .          .          .

 

(f) for any testifying expert:

(1) the expert=s name,
address, and telephone number; 

(2) the subject matter on which the expert will
testify; 

(3) the general substance of the expert=s mental impressions and opinions and a brief summary
of the basis for them, or if the expert is not retained by, employed by, or
otherwise subject to the control of the responding party, documents reflecting
such information;

                (4)
if the expert is retained by, employed by, or otherwise subject to the control
of the responding party:

 (A) all
documents, tangible things, reports, models, or data compilations that have
been provided to, reviewed by, or prepared by or for the expert in anticipation
of the expert=s testimony; and 

(B) the expert=s current resume and bibliography.  

 

See Tex.R.Civ.P. 194.2(f)(1).





[4]  This rule
provides:

 

                                                                    RULE 195.  DISCOVERY
REGARDING

                                                                       TESTIFYING
EXPERT WITNESSES

 

                                                                   .          .          .

 

195.2  Schedule
for Designating Experts

 

Unless otherwise ordered by the court, a party must
designate experts--that is, furnish information requested under Rule
194.2(f)--by the later of the following two dates:  30 days after the request is served, or--

(a) with regard to all experts testifying for a party
seeking affirmative relief, 90 days before the end of the discovery period;

(b) with regard to all other
experts, 60 days before the end of the discovery period.

 

See Tex.R.Civ.P. 195.2.  Because Brooks was seeking affirmative
relief in requesting attorney=s fees, Subsection (a) applies.  Thus, she was required to designate her
expert ninety days before December 17, 1999.





[5]  We presume an
intended reference to Rule 194.2(e):

 

                                                                                  RULE 194. 
REQUESTS

                                                                                      FOR
DISCLOSURE

 

                                                                   .          .          .

 

194.2.  Content

 

A party may request disclosure of any or all of the
following:

 

                                                                   .          .          .

 

(e) the name, address, and
telephone number of persons having knowledge of relevant facts, and a brief
statement of each identified person=s
connection with the case.

 

See Tex.R.Civ.P. 194.2(e).





[6]  The motion to
extend does not appear in the record, but for purposes of this decision, we
assume that it was filed simultaneously with the witness list.  





[7]  We assume an
intended reference to Rule 193.5(b):

 

                                                                      RULE 193. 
WRITTEN DISCOVERY:

                                                                   RESPONSE;
OBJECTION; ASSERTION

                                                                    OF
PRIVILEGE; SUPPLEMENTATION

                                                                AND
AMENDMENT; FAILURE TO TIMELY

                                                                           RESPOND;
PRESUMPTION OF

                                                                                         AUTHENTICITY

 

                                                                   .          .          .

 

193.5.  Amending
or Supplementing Responses to Written Discovery

 

                                                                   .          .          .

 

(b) Time and Form of Amended or Supplemental
Response.  An amended or supplemental
response must be made reasonably promptly after the party discovers the
necessity for such a response.  Except as
otherwise provided by these rules, it is presumed that an amended or
supplemental response made less than 30 days before trial was not made
reasonably promptly. . . .

 

See Tex.R.Civ.P. 193.5(b).





[8]  In his brief,
Gutierrez characterizes the trial court=s ruling
as one which excluded the testimony of any expert, including Barill, if the witness had not been properly
identified.  He further maintains that
Brooks had no objection to exclusion of this evidence.  A ruling on a motion in limine does not exclude evidence nor does it preserve
error in the subsequent admission of evidence. 
See Hartford Accident and Indemnity Co. v. McCardell, 369 S.W.2d 331, 335 (Tex. 1963); Wyler Industrial Works, Inc. v. Garcia, 999
S.W.2d 494, 511 (Tex.App.‑-El Paso 1999, no
pet.).  An order in limine merely requires counsel to approach the bench
before any matters within the scope of the order are mentioned in front of the
jury.  Thus, the trial court=s ruling did not exclude evidence nor did Brooks agree
to its exclusion.





[9]  The text of
this rule is set out in the margin at footnote seven.





[10]  Throughout his
tenure on the Supreme Court, Justice Hecht has served as the court=s liaison to the Supreme Court Rules Advisory
Committee and the State Bar Committee on Court Rules.  





[11]  Mr. Pemberton
served as the Rules Attorney for the Supreme Court throughout the rewrite of
the new discovery rules.  





[12]  See Hon. Nathan L. Hecht and Robert H. Pemberton, A
Guide to the 1999 Texas Discovery Rules Revisions; Hon. Nathan L. Hecht and
Robert H. Pemberton, The First 100 Days Under the New Discovery Rules: The
Big Issues Thus Far; and Robert H. Pemberton, The First Year Under the
New Discovery Rules: The Big Issues Thus Far, posted at
<http://www.supreme.courts.state.tx.us/rules/tdr/index.html>.





[13]  The rule
contains an express presumption that a supplemental response made less than
thirty days before trial was not made Areasonably
promptly.@  One court has
concluded that the converse is not equally true--there is no presumption that
supplementation more than thirty days before trial was made reasonably
promptly.  Snider v.
Stanley, 44 S.W.3d 713, 715 (Tex.App.--Beaumont
2001, no pet. h.).  Brooks
supplemented thirty-eight days before trial--on the very day the discovery
period expired.  Whether this was
reasonably prompt is irrelevant to our analysis inasmuch as we consider her
total failure to designate Barill as an expert
witness under the same rule that we would consider whether her supplemental
responses addressing fact witnesses were reasonably prompt--Rule 193.6.