Prentess P. EDMISTON, Appellant,

v.

CITY OF HARLINGEN, Texas.
Appellee.

No. 13743.

Court of Civil Appeals of Texas.

San Antonio.

May 24, 1961.

Rehearing Denied June 21, 1961.

Johnson, Hester, Jenkins & Toscano, Harlingen, for appellant.

Coneway & Forrester, Harlingen, for appellee.

MURRAY, Chief Justice.

This suit was instituted by Prentess P. Edmiston against the City of Harlingen in Cameron County, Texas, seeking to remove cloud from title to a "Park" area shown on a map of Arroyo Estates Subdivision, prepared by plaintiff, approved by the City of Harlingen, and recorded by plaintiff in Volume 13, page 38, Map Records of Cameron County, Texas. After making many stipulations and filing a number of exhibits and affidavits, both sides moved for summary judgment.

The trial court overruled plaintiff's motion for summary judgment and granted defendant's, thus denying plaintiff the relief he sought. Prentess P. Edmiston has prosecuted this appeal.

The fundamental question is, Was the park area shown on the above map sufficiently described so that it could be located upon the ground? This map shows on its face that it was drawn to scale. The park area is in the northeast corner of the

entire subdivision. It is bounded on the northwest side by the Arroyo Colorado, on the southeast by a line which forms the east or southeast boundary of Block No. 84, shown on the Lon C. Hill Subdivision Map. This line is a well-known line and its course is South 22° West. At a point about 4¾ inches from the North corner of Block 84, another line is drawn at an angle of 40° from the well-known line running North 18° West extending to the Arroyo Colorado. The enclosed area is marked on appellant's subdivision map: "6 Ac. Park Not Surveyed". This description on the map is sufficient to locate the park area on the ground. There is no contention that Block 84 cannot be located on the ground. Rhoden v. Bergman, Tex.Civ.App., 75 S.W.2d 993; Poitevent v. Scarborough, Tex.Civ. App., 117 S.W. 443, reversed on other grounds 103 Tex. 111, 124 S.W. 87; Mansel v. Castles, 93 Tex. 414, 55 S.W. 559; Wells v. Heddenberg, 11 Tex.Civ.App. 3, 30 S.W. 702. A matter is certain if it can be rendered certain. 14-B Tex.Jur., Deeds, § 196, p. 657.

Appellant contends that the bed of Arroyo Colorado has been changed by big rains, and that neither the thread of the stream nor the south bank of it is the same today as it was in 1950, when the subdivision map was recorded, and, therefore, the park area cannot be located. If the south bank has been added to by accretion, or taken from by erosion, still the Arroyo is the north boundary of the park area. Appellant says in fact that the south bank has been added to, and if you run the line to the new bank of the Arroyo the park area will contain some ten acres instead of six. Regardless of whether the park area now contains six or ten acres, it is definitely delineated on the map and can be located on the ground. The map which appellant filed shows the north boundary of the area to be the Arroyo Colorado, and if land has been added by accretion to the south bank of the Arroyo such new ground is a part of the park. The fact that the park area is marked "Not Surveyed" would make no difference. It would indicate only that the park area was drawn in the office rather than surveyed on the ground. An office survey if definite can be just as binding as an actual survey on the ground.

Appellant next contends that the park was never accepted either by the County, the City, or the public, prior to the time he withdrew or revoked his offer to dedicate the park area, and, therefore, there was no park dedicated. We do not agree. The undisputed facts show that the City refused to approve the map until a park area was indicated thereon, and after the park was indicated on the map it was approved by the City and recorded by appellant in the County records. This map contained clear, concise and unequivocal dedicatorial language of a park. Thereafter, many lots were sold to the public with reference to this recorded map. The whole plan was to get this map recorded as an addition to the City of Harlingen, so that lots might be sold by block and lot numbers.

It is immaterial that the City may not have had the authority to require the dedication of a park. Appellant voluntarily designated the park on the map. Adams v. Rowles, 149 Tex. 52, 228 S.W.2d 849; City of Corsicana v. Zorn, 97 Tex. 317, 78 S.W. 924; Oswald v. Grenet, 22 Tex. 94; Gambrell v. Chalk Hill Theatre Co., Tex.Civ. App., 205 S.W.2d 126; Sanborn v. City of Amarillo, 42 Tex.Civ.App. 115, 93 S.W. 473; Martinez v. City of Dallas, 102 Tex. 54, 109 S.W. 287, 113 S.W. 1167.

It is true that the park area was not contiguous to that part of the land that was platted into blocks, lots and streets, but it was a part of the land included in the subdivision map and owned by appellant. The fact that the park was a short distance from the lots did not render its dedication void. When the public purchased their lots in this subdivision with the park designated on the recorded map, they effectively accepted the dedication, and the City as a representative of the public has a justiciable

interest in seeing that the dedicated park not be taken away from the public.

Under the circumstances above pointed out, the fact that neither the City nor the public has put the park area to use as a public park, by improving it, did not give appellant a right to revoke the dedication of the park area. There is no fixed time within which a city or the public must improve an area that has been dedicated for park purposes. Shields v. Harris County, Tex.Civ.App., 248 S.W.2d 510; Maisen v. Maxey, Tex.Civ.App., 233 S.W.2d 309.

The judgment is affirmed.