**Harvey LINDNER, et ux, Petitioners,**

v.

**Frank Y. HILL, Jr., et al.,
Respondents.**

**No. C–3218.**

Supreme Court of Texas.

June 5, 1985.

Rehearing Denied July 10, 1985.

Chilton Maverick, San Antonio, Small, Craig and Werkenthin, Charles Herring, Jr. and Dennis R. Reese, Austin, for petitioners.

RAY, Justice.

This cause concerns the implied dedication of a road to public use. In 1982, Harvey Lindner and his wife brought this action against the Kendall County Attorney (Frank Y. Hill, Jr.) and others seeking a declaratory judgment that the road in question is private. The trial court, sitting without a jury, held that the road had been impliedly dedicated to public use. The court of appeals affirmed the judgment of the trial court. 673 S.W.2d 611. We affirm the judgment of the court of appeals.

In 1889, Herman Lindner, Harvey Lindner's grandfather and predecessor in title, built a public school on his property. To permit access to the school, he constructed Lindner Road and threw it open to public use. From that time until 1982, the Lindner family allowed the public to use Lindner Road at will. Also, evidence exists that Kendall County was maintaining Lindner Road during Herman Lindner's lifetime. Based in part on these facts, the trial court filed a conclusion of law that "the road is impliedly dedicated to public use," and the court of appeals found that "Herman Lindner, Harvey's grandfather and predecessor in title, dedicated Lindner Road." 673 S.W.2d at 616.

Before this court, Harvey Lindner complains that no evidence exists in the record to support the holding of an implied dedication. We disagree. Since the determination of whether a public right-of-way has been acquired by dedication is a question of fact, *Malone v. Whitfield*, 621

S.W.2d 192, 195 (Tex.Civ.App.—Waco 1981, writ ref'd n.r.e.), the lower courts' finding of an implied dedication must be upheld if any evidence of probative force exists in the record to support it. We must consider only the evidence and inferences tending to support the trial court's finding of an implied dedication, and disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965).

As recently articulated by this court, the essential elements of implied dedication are:

> (1) the acts of the landowner induced the belief that the landowner intended to dedicate the road to public use; (2) [the landowner] was competent to do so; (3) the public relied on these acts and will be served by the dedication; and (4) there was an offer and acceptance of the dedication.

*Las Vegas Pecan & Cattle Co. v. Zavala County,* 682 S.W.2d 254, 256 (Tex.1984). While the trial court did not specifically address all these elements in its findings of fact, any omitted findings will be deemed to support the judgment if evidence exists to support such findings. Tex.R.Civ.P. 299. We conclude that evidence of probative force exists on each of the elements of implied dedication.

First, the evidence that Herman Lindner threw open Lindner Road to public use and permitted Kendall County to maintain it supports the element that his acts induced the belief that he intended to dedicate the road to public use. *See Las Vegas Pecan & Cattle Co. v. Zavala County,* 682 S.W.2d at 256–57. Second, there is no question that Herman Lindner was competent to dedicate Lindner Road to public use. Third, the evidence demonstrates that the public relied on Herman Lindner's acts and that the public has been and will continue to be served by the implied dedication. The public's reliance on Herman Lindner's acts can be seen by its use of the road at will. The implied dedication will continue to serve the public because the road provides the only access during inclement weather to a Baptist Camp and the Herman Sons

Encampment, a home with elderly residents. Also, ambulances going to the Baptist Camp and the Herman Sons Encampment use Lindner Road in emergency situations. The fourth element of implied dedication, that an offer and acceptance of the dedication occurred, is shown by the evidence that supports the first and third elements.

Finally, Harvey Lindner argues that this cause is governed by Tex.Rev.Civ.Stat. Ann. art. 6812h (Vernon Supp.1985), which eliminated the common law doctrine of implied dedication as of its effective date, August 31, 1981. As we held in *Las Vegas Pecan & Cattle Co.,* this statute "contains no provision which would make it retroactive and, without such a provision, that statute can be given only prospective application." 682 S.W.2d at 256. Since the implied dedication occurred before the effective date of article 6812h, that statute has no bearing on this cause.

In conclusion, we hold that Herman Lindner impliedly dedicated Lindner Road to public use. Once a road is dedicated to public use, that road remains subject to that use unless it is abandoned. *Adams v. Rowles,* 149 Tex. 52, 228 S.W.2d 849, 852 (1950). Here, there is no evidence that the public abandoned its use of Lindner Road. In fact, the evidence demonstrates that the public has not stopped using Lindner Road and that Kendall County has maintained Lindner Road during the period of dedication. Consequently, we affirm the judgment of the court of appeals.