**Carl RUTLEDGE, Appellant,**

v.

**Pauline STANER, Appellee.**

No. 12–99–00253–CV.

Court of Appeals of Texas,
Tyler.

Dec. 30, 1999.

Rehearing Overruled Jan. 25, 2000.

Daniel F. Dean, Jeffrey L. Coe, Palestine, for Appellant.

Deborah J. Race, Tyler, for Appellee.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

WORTHEN, Justice.

This appeal arises out of a dispute between adjoining landowners over the use of Anderson County Road 126 ("C.R.126"). Following a bench trial, the trial court declared that C.R. 126 was a public road and that Appellee, Pauline Staner ("Staner") could have free and uninterrupted use of it over the land of Appellant, Carl Rutledge ("Rutledge"). Rutledge raises three issues on appeal. We will affirm.

Staner owns an eighty-seven acre tract bordered by Rutledge's 29.56 acre-tract. Since 1967, Staner has used C.R. 126, which runs on the edge of Rutledge's property, to reach her land and house. Rutledge purchased his tract in 1992. In early October of 1998, Rutledge put a fence with a gate across C.R. 126, which precluded Staner from using the road to access her property. Staner promptly filed suit under the Uniform Declaratory Judgments Act to have her rights to the use of C.R. 126 determined. Following trial, the trial court declared that C.R. 126 was a public road and that Staner should have "free and uninterrupted use of an access to all of said road."

■ In his first issue, Rutledge contends that the trial court erred in basing his ruling upon statutory abandonment without considering common law abandonment. In asserting that the trial court failed to consider common law abandonment, Rutledge relies heavily upon comments made by the trial judge at the end of the bench trial. This reliance on the trial judge's comments is misplaced. It is well-settled that an appellate court cannot construe comments the trial judge may have made at the conclusion of the bench trial as findings of fact and conclusions of law. Tex.R. Civ. P. 296; *In re W.E.R.*, 669 S.W.2d 716 (Tex.1984); *Spiers v. Maples*, 970 S.W.2d 166, 170 (Tex.App.—Fort Worth 1998, no writ).

Here, since no findings of fact and conclusions of law were requested, we will imply that the trial court made all of the findings necessary to support the judgment. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990). In determining whether some evidence supports the judgment and the implied findings, "it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature." *Id. citing Renfro Drug Co. v. Lewis,* 149 Tex. 507, 513, 235 S.W.2d 609, 613 (1950). The judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *In re W.E.R.,* 669 S.W.2d at 717; *Ohio Casualty Group v. Risinger,* 960 S.W.2d 708, 713 (Tex.App.—Tyler 1997, writ denied).

Here, there is ample evidence in the record to establish the implied findings that neither statutory nor common law abandonment of C.R. 126 had occurred. We first briefly address the evidence as it pertains to statutory abandonment. The definition for "statutory abandonment" is found in section 251.057 of the Texas Transportation Code which states:

> (a) A county road is abandoned when its use has become so infrequent that one or more adjoining property owners have enclosed the road with a fence continuously for at least 20 years. The abandoned road may be reestablished as a public road only in the manner provided for establishing a new road.
>
> (b) This section does not apply to:
>
> (1) a road to a cemetery; or
>
> (2) an access road that is reasonably necessary to reach adjoining real property.

TEX. TRANSP. CODE ANN. § 251.057(a) (Vernon 1999).

■ The uncontroverted evidence showed that Staner had continuously used C.R. 126 to reach her house and land since 1967. It was also uncontroverted that the road was only blocked by Rutledge in October 1998. Later that same month Staner filed suit for a declaratory judgment regarding her rights to continue using C.R. 126. Therefore, Rutledge failed to establish statutory abandonment.

■ Common-law abandonment "occurs when the use for which property is dedicated becomes impossible, or so highly improbable as to be practically impossible, or where the object of the use for which the property is dedicated wholly fails." *Griffith v. Allison,* 128 Tex. 86, 96 S.W.2d 74, 77 (1936). *See also Bowen v. Ingram,* 896 S.W.2d 331, 335 (Tex.App.—Amarillo 1995, no writ).

John Weldon Burk testified that he had lived around C.R. 126 for "quite a few years." He stated that as a boy he helped his grandfather, S.L. Coleman, haul cotton over C.R. 126 to the gin in Elkhart. He testified that it had never been abandoned as a public road. Staner's testimony that she had used the road since 1967 to reach her land and house was conceded as true by Rutledge at trial. Moreover, Rutledge testified that one of the things that prompted him to place a fence across the road was that he was tired of people driving down the road and venturing onto his property:

> I had came up in September, and every weekend I come up there's car tracks. There's people that's been in there. They drive over the field, they drive up down the road, they go everywhere.

■ The purpose of a public road, particularly one of local character, is to provide access to property abutting upon it, as well as a thoroughfare between distant points. *Compton v. Thacker,* 474 S.W.2d 570, 574 (Tex.Civ.App.—Dallas 1971, writ ref'd n.r.e.); *see State v. Meyer,* 403 S.W.2d 366, 370 (Tex.1966). We hold that C.R. 126 had never lost its purpose as a public road and that common-law abandonment had not occurred. Rutledge's first issue is overruled.

■ In issue two, Rutledge contends the trial court erred when it refused to allow Anderson County Commissioner Joe Chaffin to testify. Staner objected to Chaffin testifying because he had not been listed as a potential witness who had knowledge of the facts of the case. The trial court at first sustained the objection by Staner on grounds that good cause for Rutledge's failure to list Chaffin had not been shown. Rutledge then argued to the court that Chaffin should be allowed to testify under TEX.R. CIV. P. 193.6 which provides:

**193.6 Failing to Timely Respond— Effect on Trial.**

(a) *Exclusion of Evidence and Exceptions.* A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified, unless the court finds that:

  (1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or

  (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

(b) *Burden of Establishing Exception.* The burden of establishing good cause or the lack of unfair surprise or unfair prejudice is on the party seeking to introduce the evidence or call the witness. A finding of good cause or of the lack of unfair surprise or unfair prejudice must be supported by the record.

(c) *Continuance.* Even if the party seeking to introduce the evidence or call the witness fails to carry the burden under paragraph (b), the court may grant a continuance or temporarily postpone the trial to allow a re-

sponse to be made, amended, or supplemented, and to allow opposing parties to conduct discovery regarding any new information presented by that response.

TEX.R. CIV. P. 193.6.

Rutledge pointed out to the court that Staner had listed Chaffin as a potential witness with knowledge of the facts of the case and that it would therefore not be unfair surprise or unfair prejudice to Staner for him to testify. The court responded that it would not change its previous ruling because it did not believe good cause had been shown. We hold that the trial court erred when it refused to allow the witness to testify under TEX.R. CIV. P. 193.6(a)(2). However, our analysis does not end there.

■ No judgment may be reversed on appeal on the grounds that the trial court made an error of law unless the court of appeals concludes that the error complained of caused the rendition of an improper judgment. TEX.R.APP. P. 44.1(a)(1). Chaffin's testimony which was proffered to the court was that the county's map indicated C.R. 126 ended at Rutledge's gate and further, that he as the county commissioner for that precinct, did not maintain it. Staner contends that Chaffin's proffered testimony would not have altered the outcome of this case. We agree. Abandonment of a public road is not established by a county's failure to maintain it. *Compton v. Thacker*, 474 S.W.2d at 574. A commissioner does not have the power to deny use of a public road to owners whose property is situated on it. *Id.* None of Chaffin's proffered testimony would have altered the outcome of the trial. Issue two is overruled.

In his third and final issue, Rutledge alleges that the trial court acted outside of its subject matter jurisdiction when it entered a final judgment in this case which included the following language:

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that County Road 126, which extends through

property of the 29.56 acres of Defendant, Carl Rutledge, is declared to be a public road and Plaintiff, her heirs and assigns, employees, tenants, invitiees [sic], guests, agents, employee, and family, shall have free and uninterrupted use and access to all of said road.

Rutledge contends that article 5, section 8 of the Texas Constitution has been violated because under that provision, the district court is only given appellate jurisdiction over the county commissioners courts; whereas, the county commissioners court has exclusive jurisdiction under the Texas Transportation Code to "order that public roads be laid out, opened, discontinued, closed, abandoned, vacated, or altered; ..." Tex. Transp. Code Ann. § 251.051(a)(1) (Vernon 1999).[1] He thus asserts that the trial court had no jurisdiction to declare that C.R. 126 was a public road.

Staner counters that the declaratory judgment statute allows the trial court to enter its final judgment as it did. The Uniform Declaratory Judgments Act provides in section 37.002(b):

> This chapter is remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered.

Tex. Civ. Prac. & Rem.Code Ann. § 37.002(a)(b) (Vernon 1997).

 We agree with Staner. The trial court did not attempt to lay out, open, discontinue, close, abandon, vacate or alter a public road; it only confirmed the character of C.R. 126 as a public road, and it declared Staner's rights to use it. The determination of an individual's right to use a public road is a proper use of the Uniform Declaratory Judgments Act. *See Lindner v. Hill,* 691 S.W.2d 590–91 (Tex. 1985); *Steel v. Wheeler,* 993 S.W.2d 376, 381 (Tex.App.—Tyler 1999, writ denied). Thus, the district court did not transgress upon the county commissioners court's exclusive jurisdiction. Rutledge's third issue is overruled.

The judgment of the trial court is *affirmed.*

---

1.   **§ 8. Jurisdiction of District Court**
     Sec. 8.   District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body.   District Court judges shall have the power to issue writs necessary to enforce their jurisdiction.
     The District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law.
     Tex. Const. art. 5, § 8 (Vernon 1993).