

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00011-CV
_____

IN THE MATTER OF THE MARRIAGE OF DAVID HUDSON, JR.,
AND FRANCES ELIZABETH RUBEN

---

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 16-0391

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

When the relatively short marriage of David Hudson, Jr. and Frances Elizabeth Ruben ended in divorce, the trial court determined that they had one community property asset: a "wedding and planning center known as FRANZ EVENTS situated on [a] 1.95-acre tract of land in the Bailey Anderson Survey, together with all structures, improvements, furniture, fixtures, machinery, equipment, inventory, goods, supplies, and all personal property in connection with the operation of the business." The trial court also awarded Hudson a 2015 Honda Accord (the Honda Accord) purchased before the marriage as his separate property, and it awarded Hudson reimbursement from Ruben in the amount of $150,000.00.

On appeal, Ruben contends that the trial court erred in its determination (1) that the 1.95-acre tract of land, its improvements, and all of the personal property associated with Franz Events is community property, (2) that the Honda Accord is Hudson's separate property, and (3) of the amount of reimbursement awarded to Hudson. Because we find that the trial court did not err in its determination that the real and personal property connected with the operation of Franz Events is community property, and because Ruben has waived her issues regarding the characterization of the Honda Accord and reimbursement, we affirm the trial court's judgment.

## I. Background

After entering its final decree,[1] the trial court entered findings of fact and conclusions of law. The unchallenged findings of fact,[2] as relevant to this appeal, establish the following:

Hudson and Ruben were married on November 15, 2014, and they were separated on March 29, 2016. Prior to their marriage, Ruben acquired, on July 9, 2013, the 1.95-acre tract of land by adverse possession. Franz Events was subsequently constructed on that 1.95-acre tract.

When it was acquired, the 1.95-acre tract had a value of $5,000.00. Between October 2, 2013, and August 20, 2014, Hudson made loans to Ruben totaling $87,000.00 for construction costs and $11,500.00 for noncapital costs associated with Franz Events. During the course of their marriage, Hudson's separate estate expended an additional $61,619.14 for capital improvements and $22,926.59 for materials and supplies for Franz Events. Also during their marriage, Hudson's separate estate paid $20,360.69 toward the unsecured liabilities of Ruben's separate estate.

On July 16, 2014, Ruben conveyed the 1.95-acre tract and its improvements to FRANZ EVENTS, LLC (the LLC).[3] On December 1, 2016, after Hudson had filed his original petition for

---

[1]The final decree of divorce was entered on January 26, 2018.

[2]"Unchallenged findings of fact are binding unless the contrary is established as a matter of law or there is no evidence to support the finding." *Lee v. Holoubek*, No. 06-15-00041-CV, 2016 WL 2609294, at *3 (Tex. App.—Texarkana May 6, 2016, no pet.) (mem. op.) (quoting *Bendalin v. Youngblood & Assocs.,* 381 S.W.3d 719, 734 (Tex. App.—Texarkana 2012, pet. denied) (citing *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986))). These findings of fact are supported by the record.

[3]Although this finding was omitted from the findings of fact, the conveyance to FRANZ EVENTS, LLC, is undisputed. "[W]hen the court's findings address one or more elements of a ground of recovery or defense, 'any omitted findings will be deemed to support the judgment if evidence exists to support such findings.'" *Holoubek*, 2016 WL 2609294, at *3 (quoting *Reed v. Wright,* 155 S.W.3d 666, 671 (Tex. App.—Texarkana 2005, pet. denied) (citing TEX. R. CIV. P. 299; *Lindner v. Hill,* 691 S.W.2d 590, 592 (Tex. 1985))).

divorce,[4] Ruben filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Texas.[5]  Approximately one month later, on January 20, 2017, the LLC, through its authorized agent Ruben conveyed the 1.95-acre tract, its improvements, and all the personal property of the LLC to Ruben, individually, without any indication that it was being conveyed as, or purchased with, her separate property.  This transfer was made without notice to the bankruptcy court or to Hudson.  After the transfer, on March 1, 2017, Ruben filed an amended petition for bankruptcy in which she claimed the 1.95-acre tract and its improvements as part of her homestead.[6]

One day before Hudson and Ruben were married, Hudson paid the full purchase price of the Honda Accord. Both Hudson's and Ruben's names were apparently placed on the title documents to the Honda Accord.  However, Hudson did not consent to placing Ruben's name on the title documents, nor did he intend to gift one-half interest in the Honda Accord to Ruben.

On January 26, 2018, the trial court entered its final decree of divorce in which it, *inter alia*, determined that the 1.95-acre tract and its improvements, together with all of the furniture, fixtures, machinery, equipment, inventory, goods, supplies, and all personal property in connection with the operation of Franz Events, was the community property of Hudson and Ruben.  It also awarded

---

[4]Hudson filed his original petition on March 28, 2016.

[5]In her summary of assets and liabilities filed in the original petition for bankruptcy, Ruben claimed a homestead consisting of a "[h]ome and 20 acres" with a value of $277,240.00, averred that she was the 100 percent owner of the LLC, valued at $220,560.00, and disclaimed any legal or equitable interest in any business-related property.

[6]In her amended petition for bankruptcy and associated schedules, Ruben claimed a "[h]ome, building and 20 acres" as her homestead, valued at $497,900.00, and disclaimed any interest in an LLC or in business-related property.

4

Hudson the Honda Accord as his separate property. Finally, the trial court awarded Hudson's separate estate a reimbursement in the amount of $150,000.00.

On February 12, 2018, the trial court entered its findings of fact and conclusions of law. Included among the trial court's conclusions of law was its determination that Ruben "failed to meet her burden of proving the real property, personal property, and contents of FRANZ EVENTS, was [Ruben's] separate property when FRANZ EVENTS, LLC was conveyed to [Ruben], on January 20, 2017, without separate property recital." After the trial court entered its findings of fact and conclusions of law, neither party requested amended or additional findings of fact and conclusions of law.

## II.    The Property Connected to the Operation of Franz Events

In her first issue, Ruben complains that the trial court erred in its holding that the real and personal property connected with the operation of Franz Events was community property. Ruben does not challenge the trial court's findings of fact. Rather, she complains that the trial court erred in its conclusion of law that she failed to meet her burden of proving that the real and personal property connected with the operation of Franz Events was her separate property. Ruben points to parts of her testimony and certain exhibits at trial, contending that this evidence shows that the trial court's conclusion of law was in error.

### A.    Standard of Review

We review a trial court's conclusions of law de novo. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *Estate of Curtis*, 465 S.W.3d 357, 367 (Tex. App.— Texarkana 2015, pet. dism'd). A trial court's conclusions of law may not be challenged for factual

insufficiency, but an appellate court "may review the trial court's legal conclusions drawn from the facts to determine their correctness." *Curtis*, 465 S.W.3d at 377 (quoting *Marchand*, 83 S.W.3d at 794). In this case, the trial court entered unchallenged findings of fact. When the trial court's findings of fact are unchallenged, we are bound by the findings, unless no evidence supports a finding or a contrary finding is established as a matter of law. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986).

"Further, when the court's findings address one or more elements of a ground of recovery or defense, 'any omitted findings will be deemed to support the judgment if evidence exists to support such findings.'" *Holoubek*, 2016 WL 2609294, at *3 (quoting *Reed v. Wright*, 155 S.W.3d 666, 671 (Tex. App.—Texarkana 2005, pet. denied) (citing TEX. R. CIV. P. 299; *Lindner v. Hill*, 691 S.W.2d 590, 592 (Tex. 1985))). A conclusion of law that is based on unchallenged findings of fact supported by the record is not susceptible to challenge. *See Howeth Invs., Inc. v. City of Hedwig Village*, 259 S.W.3d 877, 889–90 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (overruling challenge to conclusions of law when conclusions supported by unchallenged findings of fact).

"Community property consists of the property, other than separate property, acquired by either spouse during marriage." TEX. FAM. CODE ANN. § 3.002 (West 2006). Further, "[p]roperty possessed by either spouse during or on dissolution of marriage is presumed to be community property." TEX. FAM. CODE ANN. § 3.003(a) (West 2006). Separate property of a spouse includes "property owned or claimed by the spouse before marriage" and "property acquired by the spouse during marriage by gift, devise, or descent." TEX. FAM. CODE ANN. § 3.001(1), (2) (West 2006).

The spouse seeking to overcome the community presumption must "establish that property is separate property [with] clear and convincing evidence." TEX. FAM. CODE ANN. § 3.003(b) (West 2006).

### B. Analysis

In this case, the trial court entered a finding that Ruben's separate estate acquired the 1.95-acre tract by adverse possession in July 2013. The evidence also supported an implied finding that Ruben conveyed this tract to the LLC on July 16, 2014. In addition, the court entered findings that established that both before and after the conveyance to the LLC, Hudson made significant loans and contributions toward capital and noncapital improvements to the company and the 1.95-acre tract and paid for material and supplies for the company.

The court also entered a finding that the LLC conveyed the 1.95-acre tract of land, structure, and all personal property in connection with the operation of Franz Events to Ruben on January 20, 2017. The warranty deed evidencing the conveyance of the 1.95-acre tract shows that Ruben is the grantee, but does not contain any indication that it was conveyed to her as her separate property or that she paid for the conveyance with her separate property funds. This conveyance was during the marriage of Hudson and Ruben.

These findings of fact established that Ruben originally acquired the 1.95-acre tract prior to her marriage. However, when property is conveyed to an entity such as a partnership or limited liability company, it becomes the property of the entity and loses its separate or community character. *Lifshutz v. Lifshutz*, 199 S.W.3d 9, 27 (Tex. App.—San Antonio 2006, pet. denied); *Marshall v. Marshall*, 735 S.W.2d 587, 594 (Tex. App.—Dallas 1987, writ ref'd n.r.e.). Thus,

7

while the 1.95-acre tract was owned by the LLC, it was neither separate property nor community property. This was also true of the structures and personal property acquired by the LLC, both before and during the marriage.

Further, distributions from the LLC "are considered community property, regardless of whether the distribution is of income or of an asset." *Lifshutz*, 199 S.W.3d at 27 (citing *Marshall*, 735 S.W.2d at 594); *see also Gonzales v. Maggio*, 500 S.W.3d 656, 668 (Tex. App.—Austin 2016, no pet.) (distributions made in winding up of an entity become part of the community estate). Thus, when the LLC conveyed all of its assets to Ruben during the marriage, those assets became a part of the community estate. Consequently, we find that the unchallenged and implied findings of fact support the trial court's conclusion of law that Ruben failed to meet her burden of proving that the real and personal property connected with the operation of Franz Events was her separate property. We overrule this issue.

## III. Ruben Waived Her Issues Regarding the Honda Accord and Reimbursement

In her second issue, Ruben complains that the trial court abused its discretion in characterizing the Honda Accord as the separate property of Hudson. Ruben does not challenge the trial court's findings that Hudson purchased the vehicle with his separate property before their marriage and that he did not intend to make a gift to her. Rather, she argues that, since the title contained both of their names,[7] the trial court's ruling was without legal basis. Ruben does not cite any legal authority supporting her argument that the names on the automobile's title are

---

[7]Although both parties testified that the title to the Honda Accord contained both parties' names and the reporter's record recites that a copy of the title was admitted into evidence, the title to the Honda Accord is not included in the exhibits volume of the reporter's record.

conclusive as to the ownership of the vehicle. Nor does she make any argument that the presence of her name on the title should negate the trial court's findings of fact.

In her third issue, Ruben complains that the trial court erred in awarding Hudson $150,000.00 as reimbursement to his separate estate. Ruben does not challenge the trial court's findings of fact and does not contest that Hudson is entitled to reimbursement to his separate estate. Rather, Ruben argues that the reimbursement should not have included any monies advanced to her by Hudson prior to their marriage. Ruben cites no legal authority in support of this argument, and she fails to explain why the trial court would be precluded from including amounts advanced to her before their marriage.

Hudson asserts that Ruben has waived these issues because she failed to comply with Rule 38.1(i) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1(i); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). We agree.

Rule 38.1(i) provides that the appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citation to authorities and to the record." TEX. R. APP. P. 38.1(i); *In re Estate of Taylor*, 305 S.W.3d 829, 836 (Tex. App.—Texarkana 2010, no pet.). "This requirement is not satisfied by merely uttering brief, conclusory statements unsupported by legal citations." *Taylor*, 305 S.W.3d at 836 (citing *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.)). "Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint." *Id.* (citing *Martinez v. El Paso Cty.,* 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. struck)).

9

We hold pro se appellants to the same standards as licensed attorneys; therefore, they are required to comply with the applicable appellate rules. *Id.* at 837 (citing *Valadez*, 238 S.W.3d at 845). If we did not hold pro se appellants to the same standards, they would have an unfair advantage over parties represented by counsel. *Id.* (citing *Martinez*, 218 S.W.3d at 844). Further, we have "no duty to perform an independent review of the record and of the applicable law to determine whether there was error." *Id.* (citing *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied)). To do so would require us to abandon our role as neutral arbiters and to become advocates for the parties. *Id.* (citing *Plummer v. Reeves,* 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied)).

Since Ruben's brief on these issues fails to comply with Rule 38.1(i), we find she has waived her second[8] and third issues.[9]

For the reasons stated above, we affirm the judgment of the trial court.

Ralph K. Burgess
Justice

Date Submitted:      September 25, 2018
Date Decided:       September 28, 2018

---

[8]Even if this issue had not been waived, the trial court's unchallenged findings of fact were supported by evidence in the record, and these findings supported the trial court's determination that the Honda Accord was Hudson's separate property.

[9]We also note that at least one of our sister courts of appeals has held that, since reimbursement is an equitable remedy, it is not an abuse of discretion for the trial court to include prenuptial amounts paid out of one spouse's separate property to improve the other spouse's property in an award for reimbursement. *Nelson v. Nelson*, 193 S.W.3d 624, 632 (Tex. App.—Eastland 2006, no pet.).